IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SNELL, et al.          :    CIVIL ACTION
                               :    NO. 02-3660
          Plaintiffs,          :
                               :
     v.                        :
                               :
ROBERT J. DUFFY, et al.        :
                               :
          Defendants.          :

_____ ORDER

     **AND NOW**, this **21st** day of **November, 2002**, after a

hearing on defendant Pennsylvania State Police's motion to

dismiss (doc. no. 2), defendants Duffy and Wlock's motion to

dismiss counts II and III of plaintiff's complaint (doc. no. 5),

plaintiffs' responses thereto (doc. nos. 9 & 10), it is hereby

**ORDERED** as follows:

          1.   Defendant Pennsylvania State Police's motion to

               dismiss (doc. no. 2) is **GRANTED.**[1]

---

1.   In this case, Snell's state law claim that the Pennsylvania
State Police failed to train its officers is barred by the
Eleventh Amendment, which recognizes the sovereign immunity of
the states, and bars the federal courts from hearing claims
against states, absent congressional abrogation or consent. See
Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-100
(1984); Quern v. Jordan, 440 U.S. 332, 338-41 (1979).  The
Pennsylvania State Police is an agency of the Commonwealth of
Pennsylvania.  See 71 Pa. Cons. Stat. Ann. § 61.
     Pennsylvania explicitly asserts Eleventh Amendment sovereign
immunity from suits brought in federal courts, see 42 Pa. Cons.
Stat. Ann § 8521(b), except in narrowly construed instances
enumerated in 42 Pa. Cons. Stat. Ann. § 8522(b). Moore v.
Commonwealth, Dept. of Justice, 558 A.2d 111, 113 (Pa. Commw. Ct.
1988).  Under § 8522(b), the only acts that may impose liability
on the states and its agents are: (1) vehicle liability, (2)
medical-professional liability, (3) care, custody and control of

2.    Defendant Duffy and Wlock's motion to dismiss

Count II of plaintiff's complaint (doc. no. 5) is

**GRANTED**.[2]

---

personal property, (4) commonwealth real estate, highways and
sidewalks, (5) potholes and other dangerous conditions, (6) care,
custody and control of animals, (7) liquor store sales, (8)
National Guard activities, and (9) toxoids and vaccines.  52 Pa.
Cons. Stat. Ann. § 8522(b).

        Failure to train is not an activity as to which
Pennsylvania has waived its sovereign immunity. See Clark v.
SEPTA, 691 A.3d 988, 992 (Pa. Commw. Ct. 1997) (establishing that
the exceptions set forth in § 8522(b) do not apply to an
allegation of negligent failure to train SEPTA police officers
adequately) (citing Borosky v. Commonwealth, 406 A.3d 256 (Pa.
Commw. Ct. 1979).  Thus, Snell's claim of negligent failure to
train against the Pennsylvania State Police must be dismissed on
sovereign immunity grounds.

2.  Assuming that Snell was indeed arrested in mid-November,
1999, his § 1983 claim of false arrest is time-barred.  A claim
of false arrest brought under § 1983 accrues on the date of the
challenged arrest, and is governed by a two-year statute of
limitations. Rose v. Bartle, 871 F.2d 331, 350 (3d Cir. 1994).
    Although plaintiff argues that his false arrest claim, as an
integral part of his malicious prosecution claim, did not accrue
until he was acquitted on the charges brought against him,
malicious prosecution and false arrest constitute two independent
wrongs.  See Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir.
1998) (noting that "a conviction and sentence may be upheld even
in the absence of probable cause for . . . arrest").
    Malicious prosecution is premised on the misuse of "legal
process," ordinarily in the form of a warrant or arraignment.
Torres v. McLaughlin, CIV. A. No. 96-5865, 1996 WL 680274, at * 4
(E.D. Pa. Nov. 21, 1996) (quoting Heck v. Humphrey, 512 U.S. 477,
484 (1994) and citing Singer v. Fulton County Sheriff, 63 F.3d
110, 117 (2d Cir. 1995)).  Consequently, a plaintiff alleging
malicious prosecution may ultimately collect damages for
confinement imposed through the misuse of legal process.  Heck,
512 U.S. at 484. By contrast, when an arrest is made outside
legal process, as in the case of a wrongful warrantless arrest,
damages "cover the time of detention up until the issuance of
process or arraignment, but not more." Id. (quoting W. Page
Keeton, et al., Prosser and Keeton on Law of Torts 888 (5th ed.
1984)). Accordingly, the court concludes that the statute of
limitations for claims of false arrest accrues on the date of the
plaintiff's arrest, regardless of whether plaintiff has also

3.    Plaintiff shall submit by **November 25, 2002** a

brief on the issue of whether Pennsylvania has

waived sovereign immunity with respect to claims

of wilful misconduct.  Defendant shall file a

response by **December 2, 2002.**


**AND IT IS SO ORDERED.**


_____

**EDUARDO C. ROBRENO,        J.**


---

brought a related claim for malicious prosecution. See Rose, 871
F.2d at 351. In this case, Snell's arrest or seizure occurred in
mid-November, 1999, and he filed the instant claim for false
arrest after the statute of limitations had run.  Consequently,
Snell's § 1983 claim for false arrest must be dismissed as time-
barred.