IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MICHAEL SNELL AND WOODROW SNELL      :     CIVIL ACTION

                Plaintiffs      :

          V.             :

ROBERT J. DUFFY ET AL                :

          Defendants      :     NO.  02-3660


**ORDER**

AND NOW, this        day of              , 2003, upon
consideration of Plaintiffs' Motion for Partial Summary Judgment
and Duffy's response thereto, it is hereby ordered that said
motion is denied.


_____
                                          J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SNELL AND WOODROW SNELL    :    CIVIL ACTION

            Plaintiffs    :

        V.    :

ROBERT J. DUFFY ET AL    :

            Defendants    :    NO.  02-3660

**DEFENDANT DUFFY'S RESPONSE TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.   STATEMENT OF THE CASE**

Plaintiffs Michael Snell and his son, Woodrow Snell ("Snells"), filed this federal action against the Pennsylvania State Police, Pennsylvania State Trooper Robert J. Duffy and Pennsylvania State Trooper Jeffrey Wlock.  Michael Snell alleged that Duffy and Wlock arrested him on November 15, 1999 for simple assault, recklessly endangering another person and harassment without a warrant and without probable cause.  He further alleged that he was subsequently prosecuted on the charges and was found not guilty by a jury.  He alleges that he was falsely arrested and maliciously prosecuted without probable cause.

Michael Snell has now moved for partial summary judgment on his claim that Duffy maliciously prosecuted him without probable cause.  To support his motion, he relies upon 36 exhibits, some of which are the same exhibits that Duffy and Wlock used to support their motion for summary judgment.

Duffy now response to plaintiffs' motion for partial summary judgment relying upon the exhibits attached to his and Wlock's motion for summary judgment and this memorandum of law.

## II.   STATEMENT OF THE FACTS[1]

On November 13, 1999, Michael Snell and his son, Woodrow Snell, went hunting in a field behind their house in Coatesville, Pennsylvania. Ex. 1, p. 7.  Woodrow Snell was carrying a gun. <u>Id</u>. Michael Snell was carrying a scope. <u>Id</u>.  As they were walking by their neighbor's house, they saw three young boys who were cursing and throwing rocks at them. <u>Id</u>. p. 7.  They continued walking. <u>Id</u>.  They went hunting for about an hour. <u>Id</u>. p. 10.

Later, Duffy received a call on his police radio that an individual pointed a firearm at three children. Ex. 2, p. 9. Duffy responded to the call, which was at the neighbors of the Snells. <u>Id</u>. p. 12.

At the scene, Duffy interviewed the three children who informed him that Michael Snell pointed a gun at them three different times and yelled, "Aah". Ex. 3, pp 6, 15, 16.  Duffy also inspected the area where the alleged incident took place. <u>Id</u>. p. 18.

Duffy interviewed Michael Snell. <u>Id</u>. p. 14.  During the interview, Duffy did not inform Michael Snell why he was there. <u>Id</u>.  Duffy asked Snell if he owned a "22". <u>Id</u>. Snell said "yes".

---

[1]All references are made to the exhibits attached to Duffy and Wlock's Motion for Summary Judgment.

Id.  During the interview, Michael Snell told Duffy that he and his son had gone hunting that afternoon in a field that was located behind the Brady's home and that his son was carrying a rifle and that he was carrying a scope. Id.  Snell informed Duffy that he saw the children in the back yard and they were throwing rocks at him and his son as they were walking by the yard.. Id. Snell also said to Duffy during the interview that "Are you here because somebody pointed a unloaded and unbolted gun at these children". Id. p. 21.

Duffy asked Michael Snell for the gun. Id. p. 15.  Snell complied by going into his shed to get the gun. Id.  p. 16. Snell, however, would not allow Duffy to enter the shed. Id. p.15. Wlock, however, did enter the shed without Michael Snell's permission. Id.  While in the shed, Wlock allegedly pushed Woodrow Snell aside to take the gun from Michael Snell.  Id. p.16.  Wlock then left the shed with the gun and turned it over to Duffy.  Ex. 2, p. 33

On November 15, 1999, Duffy requested that the District Justice issue a citation for Michael Snell to appear in court to answer to the charge that he pointed a gun at the children. Id. Snell received the citation and appeared for a hearing in front of the District Justice on December 9, 1999. Ex. 1, p. 25.

At the hearing, Tyler Brady testified that Michael Snell pointed a gun at himself, Brian Brady and Zachary Buck.  Ex. 4,

2

p. 17.  Duffy also testified at the hearing.  Ex. 1, p. 34.

After the hearing, the District Justice determined that there was sufficient evidence to hold Michael Snell for trial on the charges of simple assault and recklessly endangering another person.  Ex. 4, p. 50.  The District Justice set bail at $5,000.00 unsecured.  Id. p. 51.

Snell subsequently went to trial on the charges.  Ex. 1, p. 33. After the trial, the jury returned a verdict of not guilty. Id. p. 34.

### III.  ARGUMENT

#### A. STANDARD APPLICABLE TO A MOTION FOR SUMMARY JUDGEMENT

Pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment is properly granted by the trial court if, after a review of the evidentiary material in the record, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Celotex v. Catrett, 477 U.S. 317, 323 (1986).  Rule 56(c) mandates the entry of summary judgment against a non moving party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.

An issue is only "genuine" if there is sufficient evidence from which a reasonable jury could find for the non moving party. Anderson v Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  The

3

plaintiff must set forth specific facts showing a genuine issue
for trial. Celotex, 477 U.S. at 323.  If the evidence of the non
moving party is "merely colorable" or is "not significantly
probative," summary judgment should be granted.  Anderson, 477
U.S. at 255.  A non-moving party may not successfully oppose a
summary judgment motion by simply replacing "conclusory
allegations of the complaint..... with conclusory allegations of
an affidavit."  Lujan v. National Wildlife Federation, 497 U.S.
871 (1990).

### B.  MICHAEL SNELL IS NOT ENTITLED TO SUMMARY JUDGMENT ON HIS MALICIOUS PROSECUTION CLAIM AGAINST DUFFY

Snell has moved this court for summary judgment on his
contending that Duffy lack probable cause to file charges against
him. He claims that Duffy should have conducted a more thorough
investigation into whether the children victims were telling the
truth about the incident or did they have a motive to lie.  Snell
claims that Duffy filing the charges without conducting this
investigation amounted to malicious prosecution.[2]  This claim,

---

[2]It should be noted that no where in Michael Snell's
original complaint nor his amended complaint does Michael Snell
allege that the prosecution violated this constitutional rights.
Duffy, therefore, is treating this claim as a state tort law
claim. To the extent, this Court should view this claim as a
constitutional claim, no where in his motion does Michael Snell
allege that he was seized by the actions of Duffy.  Absent this
constitutional requirement, Snell cannot proceed with his claim
that he maliciously prosecuted in violation of his constitutional
rights.  See  Torres v. McLaughlin, 163 F.3d 169, 174 (3d Cir.
1998); Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d. Cir.
1998).

4

however, is barred by sovereign immunity.

Article I, § 11 of the Pennsylvania Constitution specifies, in relevant part, "Suits may be brought against the Commonwealth in such manner, in such courts and in such case as the legislature may by law direct."  As the Pennsylvania Supreme Court has explained, "the Framers intended that the legislature have complete control over suits brought against the Commonwealth."  <u>Smith v. City of Philadelphia</u>, 512 Pa. 129, 516 A.2d 306, 309 (1986), <u>appeal dismissed</u>, 479 U.S. 1074 (1987).

The legislature, in turn, has explicitly affirmed the sovereign immunity of the Commonwealth and its officials and employees, except in those instances where immunity is specifically waived by the General Assembly.  1 Pa. C.S.A. § 2310.  Thus, the legislature has proclaimed that "Sovereign immunity is the constitutional rule."  <u>E-Z Parks v. Philadelphia Parking Authority</u>, 110 Pa. Commw. 692, 532 A.2d 1272, 1276 (1987), <u>appeal denied</u>, 546 A.2d 60 (Pa. 1988).  Commonwealth officials acting within the scope of their duties enjoy the same immunity as the Commonwealth itself.  <u>Moore v. Commonwealth</u>, 114

---

Moreover, even assuming that Michael Snell has met the seizure requirement, the record shows that Duffy had probable cause to file the charges.  Tyler Brady identified Michael Snell as the individual who pointed the gun at him while Michael Snell and his son Woodrow were walking behind Tyler Brady's house. Additionally, Snell admitted that he and his son were walking behind Tyler Brady's house and that they did have a gun with them.  Viewing this evidence in the light most favorable to Duffy, the non moving party, it is clear that Duffy had probable cause to file the criminal charges against Michael Snell for pointing the gun at Tyler Brady.

Pa. Commw. 56, 538 A.2d 111, 115 (1988), <u>appeal, dismissed</u>, 567
A.2d 1040 (Pa. 1990).  <u>See also</u> <u>LaFrankie v. Miklich</u>, 152 Pa.
Commw. 163, 618 A.2d 1145 (1992) (employee of a Commonwealth
agency acting within the scope of his or her duties is protected
by sovereign immunity from imposition of liability for
intentional tort claims including a claim fro malicious
prosecution.)

The Sovereign Immunity Act in Title 42 of the Judicial Code
waives the Commonwealth's immunity only in nine narrow categories
of negligence:

    1.    vehicle liability,

    2.    medical-professional liability.

    3.    care. custody or control of personal property

    4.    a dangerous condition of Commonwealth real estate,
highways and sidewalks,

    5.    a dangerous condition of Commonwealth highways,
particularly potholes or sinkholes,

    6.    care, custody or control of animals,

    7.    liquor store sales,

    8.    National Guard Activities and

    9.    toxoid and vaccines.
42 Pa. C.S.A. § 8522(b).

Here, Snell alleges that Duffy actions in bringing the
charges against him amounted to malicious prosecution.   This
claim however, is not based on negligence, but is an intentional
tort.  Under <u>LaFrankie</u>, Commonwealth employees are immune from

6

suit from liability for claims for intentional torts such as malicious prosecution. <u>See</u> also <u>Litzenberger v. Vanim</u>, 2002 WL 1759370 *5 (E.D.Pa July 31, 2002).  Sovereign immunity then protects Duffy from the imposition of any liability on Snell's malicious prosecution claim.

**IV.  CONCLUSION**

    For all the foregoing reasons, plaintiffs' motion for partial summary judgment should be denied.

                D. MICHAEL FISHER
                ATTORNEY GENERAL

BY:      _____
                Randall J. Henzes
                Deputy Attorney General
                Identification No. 53256

                Susan J. Forney
                Chief Deputy Attorney General
                Chief, Litigation Section

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2136
Fax: (215) 560-1031

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SNELL AND WOODROW SNELL    :    CIVIL ACTION

                    Plaintiffs    :

            V.                    :

ROBERT J. DUFFY ET AL             :

                    Defendants    :    NO.  02-3660

**CERTIFICATE OF SERVICE**

I, Randall J. Henzes, Deputy Attorney General, hereby
certify that a true and correct copy of Defendant Duffy's
Response to Plaintiffs' Motion for Partial Summary Judgement was
served on May 14, 2003, by United State mail, first class postage
prepaid to:

    J. Michael Considine, Esquire
    12 East Barnard Street
    Suite 100
    West Chester, Pa 19380

                        D. MICHAEL FISHER
                        ATTORNEY GENERAL

            BY:    _____
                        Randall J. Henzes
                        Deputy Attorney General
                        Identification No. 53256

                        Susan J. Forney
                        Chief Deputy Attorney General
                        Chief, Litigation Section

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2136
Fax: (215) 560-1031