```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SNELL AND WOODROW SNELL    :    CIVIL ACTION

              Plaintiffs           :

         V.                        :

ROBERT J. DUFFY ET AL              :

              Defendants           :    NO. 02-3660
```

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Defendants, request that, if the Court should submit this case to the jury, the jury be instructed as follows.

In addition to the attached instructions, defendants request that this Court charge the jury with the following standard jury instructions:

1. Evidence
2. Province of Court and Jury
3. Stipulations
4. Inferences Permitted
5. Preponderance of the Evidence
6. Number of Witnesses
7. Actual Compensatory Damages

    8.    Verdict and Jury's Responsibility

    9.    Deliberations

                        Respectfully submitted,

                        D. MICHAEL FISHER
                        ATTORNEY GENERAL

BY: _____
         Randall J. Henzes
         Deputy Attorney General
         Identification No. 53256

         Susan J. Forney
         Chief Deputy Attorney General
         Chief, Litigation Section

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2136
FAX: (215) 560-2494

10.     The law to be applied in this case is the federal civil rights law, Section 1983 of Title 42 of the United States Code. The law provides that any individual may seek to recover money damages from any person who, under color of state law, has deprived that individual of any of his or her constitutional rights.

In order to win a lawsuit brought under section 1983, a plaintiff must prove two things by a preponderance of the evidence:

1) that defendants were acting color of state law, and

2) that the actions of the defendants deprived plaintiff of a constitutional right.

I will explain each of these elements of the plaintiff's claim in further detail for you.

Parratt v. Taylor, 451 U.S. 527, 535 (1981)[1]

---

[1] Parratt has been overruled in part by Daniels v. Williams, 474 U.S. 327 (1986) (negligence claim does not implicate Due Process Clause). The new ruling does not affect the accuracy of this instruction, however.

11.  The first element that plaintiff must prove by a preponderance of the evidence is that defendants were "acting under color of law." Defendants do not dispute to the extent that they acted, they were acting under the color of state law. Accordingly, you should find that the first statutory requirement is satisfied.

<u>Monroe v. Pape</u>, 365 U.S. 167, 172 (1961).

12. The second element that plaintiff must prove is that defendants deprived him of a constitutional right. The constitutional rights that Michael Snell claims was violated was his right under the Fourth Amendment to be arrested and subjected to criminal prosecution without probable cause.

13.  In order to maintain a section 1983 claim for malicious prosecution based upon the Fourth Amendment, Plaintiff has to prove that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice." Donahue v. Gavin, 280 F.3d 371, 379 (3d Cir. 2002); see also Herr v. Pequea Township, 274 F.3d 109, 118 (3d Cir. 2001); Gallo v. City of Phila., 161 F.3d 217, 222 (3d Cir. 1998).  Defendants do not dispute that Duffy initiated a criminal proceeding against Michael Snell and that the criminal proceeding terminated in Michael Snell's favor.  Defendants' do dispute, however, that proceeding was initiated without probable and that Duffy acted. maliciously or for a purpose other than bringing the plaintiff to justice..

14.  It is the plaintiff's burden to show that the defendants lack probable cause to bring the criminal proceeding.  Probable cause exists where the totality of the facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense. <u>Sharrar v. Felsing</u>, 128 F.3d 810, 817-18 (3d Cir. 1997).

15.  In determining whether probable cause exists, police officers may rely on seemingly reasonable information from a citizen identifying himself as the victim of a crime. <u>Id</u>..

16. Probable cause does not require the police to have evidence sufficient to establish guilt beyond a reasonable doubt. <u>Barna v. City of Perth Amboy</u>, 42 F.3d 809, 819(3d Cir. 1994).

17.     An officer who has probable cause to arrest is not required to conduct further investigation for exculpatory evidence, or to pursue the possibility that the suspected offender is innocent. <u>Osborne v. Brown</u>, 2000 WL 764928 *8 (June 13, 2002  E.D. Pa.).

18.  Additionally, a police officer is not required "to conduct a mini trial", before arresting a suspect. <u>Potts v. City of Philadelphia</u>, 224 F.Supp 2d 919, 934, (E.D. Pa 2002) citing <u>Brodnicki v. City of Omaha</u>, 75 F.3d 1261, 1264 (8th Cir. 1990).

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SNELL AND WOODROW SNELL   :   CIVIL ACTION

              Plaintiffs          :

              V.                  :

ROBERT J. DUFFY ET AL             :

              Defendants          :   NO.  02-3660
```

**CERTIFICATE OF SERVICE**

I, Randall J. Henzes, Deputy Attorney General, hereby certify that a true and correct copy of Defendants' Proposed Jury Instructions was served on May 16, 2003, by first class mail postage prepaid to:

J. Michael Considine, Esquire
12 East Barnard Street
Suite 100
West Chester, Pa 19380

```
                              D. MICHAEL FISHER
                              ATTORNEY GENERAL


                       BY:    _____
                              Randall J. Henzes
                              Deputy Attorney General
                              Identification No. 53256

                              Susan J. Forney
                              Chief Deputy Attorney General
                              Chief, Litigation Section
```

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2136
Fax: (215) 560-1031