IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SNELL AND WOODROW SNELL     :     CIVIL ACTION

                 Plaintiffs     :

        V.     :

ROBERT J. DUFFY ET AL     :

              Defendants     :     NO.  02-3660

**ORDER**

AND NOW, this        day of            , 2003, upon
consideration of Defendant's Motion in Limine and Plaintiffs'
Response thereto, if any, it is hereby ordered that said motion
is granted.  Plaintiffs are precluded from introducing into
evidence the: September 19, 1996 Complaint against George and
Anita Brady for failure to confine dogs; June 7, 1997 Complaint
against George Brady for dogs on Snells' property (3 pages);
February 7, 1999 Complaint against George and Anita Brady for dog
chasing Snells' son and attacked dog when on the back porch;
March 21, 2001 Complaints reported against the Brady children for
threatening Woodrow Snell; July 23, 1998 Incident Report against
Tyler Brady hitting Snells' van door with golf balls (4 pages);
July 22, 1999 Incident Report against Tyler  and Brian Brady for
pointing a toy gun at Laura Snell (4 pages); Transcript of
November 13, 1999 conversation between Duffy and Snells (3
pages); Criminal record for George Brady (8 pages); Crime
Response Reports for Henry Buck, Laura Snell, Michael Snell,

Tyler Brady, Brian Brady, George Brady (6 pages); November 14, 1990 charges against Anita Marie Brady (2 pages); November 5, 1990 charges against George T. Brady; September 5, 1997 Non-traffic Summons for Zachary Buck - damaged Snells' Wooden fence; June 8, 1996 citation regarding June 8, 1996 incident with Joseph Snell (6 pages); March 3, 1999 Notice of Trial Summons case - George Brady for dogs running at large with notation of "found guilty" (2 pages); Records for 1997 calls to police (6 pages); Hand-written notes detailing incidents of July 20, 22, and 23, 1996 and May 10, 1997; September 10 and 14, 1996 letter from Mary Ann Snell and January 28, February 8, and February 17, 1999 SPCA Reports (6 pages); and the Video of boys showing hostility.  T is furthered order Laura Snell, Joseph Snell, James Buck, George Brady, Elaine Russell, Cherish Ogden, Samantha Wallace, Joseph C. Whisler, Virginia Whisler and Joel Rosenberg are not allowed to testify at the trial.

_____

J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SNELL AND WOODROW SNELL    :    CIVIL ACTION

               Plaintiffs    :

          V.             :

ROBERT J. DUFFY ET AL        :

            Defendants    :    NO. 02-3660

### DEFENDANTS' MOTION IN LIMINE

Defendants Robert Duffy and Jeffrey Wlock, by their counsel, Randall J. Henzes, Deputy Attorney General, hereby move this Court for an order precluding the plaintiffs from introducing into evidence certain documents and witnesses at the trial of this case.  This memorandum of law is submitted in support of their motion.

Wherefore, defendants Duffy and Wlock respectfully request that their motion be granted.

                         D. MICHAEL FISHER
                         ATTORNEY GENERAL

              BY:   _____

                   Randall J. Henzes
                   Deputy Attorney General
                   Identification No. 53256

                   Susan J. Forney
                   Chief Deputy Attorney General
                   Chief, Litigation Section

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA  19107-3603
Telephone:  (215) 560-2136

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SNELL AND WOODROW SNELL     :     CIVIL ACTION

                    Plaintiffs      :

           V.                       :

ROBERT J. DUFFY ET AL               :

                    Defendants      :     NO.  02-3660

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION IN LIMINE**

## I.    STATEMENT OF THE CASE

    Plaintiffs Michael C. Snell and his son, Woodrow Snell
("Snells"), filed this federal action against the Pennsylvania
State Police, Pennsylvania State Trooper Robert J. Duffy and
Pennsylvania State Trooper Jeffrey Wlock.   Michael Snell alleged
that Duffy and Wlock arrested him on November 15, 1999 for simple
assault, recklessly endangering another person and harassment
without a warrant and without probable cause.  He further alleged
that he was subsequently prosecuted on the charges and was found
not guilty by a jury.  He alleges that his arrest and subsequent
prosecution violated his constitutional rights.  Woodrow Snell
alleges that Wlock pushed against an ice bin causing him to cut
his leg.

    Plaintiffs identified the following documents in their Pre-
Trial Memorandum: September 19, 1996 Complaint against George and
Anita Brady for failure to confine dogs; June 7, 1997 Complaint
against George Brady for dogs on Snells' property (3 pages);

February 7, 1999 Complaint against George and Anita Brady for dog chasing Snells' son and attacked dog when on the back porch; March 21, 2001 Complaints reported against the Brady children for threatening Woodrow Snell; July 23, 1998 Incident Report against Tyler Brady hitting Snells' van door with golf balls (4 pages); July 22, 1999 Incident Report against Tyler and Brian Brady for pointing a toy gun at Laura Snell (4 pages); Transcript of November 13, 1999 conversation between Duffy and Snells (3 pages); Criminal record for George Brady (8 pages); Crime Response Reports for Henry Buck, Laura Snell, Michael Snell, Tyler Brady, Brian Brady, George Brady (6 pages); November 14, 1990 charges against Anita Marie Brady (2 pages); November 5, 1990 charges against George T. Brady; September 5, 1997 Non-traffic Summons for Zachary Buck - damaged Snells' Wooden fence; June 8, 1996 citation regarding June 8, 1996 incident with Joseph Snell (6 pages); March 3, 1999 Notice of Trial Summons case - George Brady for dogs running at large with notation of "found guilty" (2 pages); Records for 1997 calls to police (6 pages); Hand-written notes detailing incidents of July 20, 22, and 23, 1996 and May 10, 1997; September 10 and 14, 1996 letter from Mary Ann Snell and January 28, February 8, and February 17, 1999 SPCA Reports (6 pages); and the Video of boys showing hostility.  In addition to those documents, plaintiffs identified the following individuals as potential witnesses: Laura Snell, Joseph Snell,

-2-

James Buck, George Brady, Elaine Russell, Cherish Ogden, Samantha Wallace, Joseph C. Whisler, Virginia Whisler and Joel Rosenberg.

Defendants now moves this Court for an order precluding the introduction into evidence the aforementioned documents and for an order precluding the aforementioned individuals from testifying at trial. This memorandum of law is submitted in support of its motion.

## I.    ARGUMENT

Under Federal Rule of Evidence 401, " 'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. "The standard of relevance established by [Rule 401] is not high." Carter v. Hewitt, 617 F.2d 961, 966 (3d Cir. 1980). Once the threshold of logical relevancy is satisfied, the matter is largely within the discretion of the trial court. See United States v. Steele, 685 F.2d 793, 808 (3d Cir. 1982). Federal Rule of Evidence 402 states: "All relevant evidence is admissible, expect as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed.R.Evid. 402.

**1.  Witnesses**

The Snells identified Laura Snell, Joseph Snell, James Buck, George Brady, Elaine Russell, Cherish Ogden, Samantha Wallace, Joseph C. Whisler, Virginia Whisler and Joel Rosenberg as individuals whom they  wish to call as witnesses in this case. They, however, have not offer any insight as to what their purported testimony will be. To the extent, each individual will testify about events other than Duffy and Wlock's interactions with the Snells on November 13, 1999 or unless they have any information regarding the contents of the citation issued by Duffy to Michael Snell, any testimony they would have to offer is not relevant to the issues in this case and inadmissible. Moreover, a review of Plaintiffs' Self Executing Disclosures under Rule 26, Exhibit "A", attached,  shows that none of these individuals were identified as individuals who would likely have discoverable information that would support their claims.  The failure to identify these individuals in their initial disclosures is grounds for precluding their testimony[1].  <u>See Stein v. Foamex International, Inc.</u>, 2001 WL 856722, *4 (E.D.Pa. 2001) (Pursuant to Federal Rule of Civil Procedure 37, "[a] party

---

[1]Defendants due note that plaintiffs did file a second set of disclosures in which all these individuals were identified. However, this document was filed will beyond the discovery deadline and it appears all the information contain in the second set of disclosures was available to plaintiffs' when they filed their first set of disclosures on November 20, 2002.

that without substantial justification fails to disclose
information required by Rule 26(a) or 26(e)(1), or to amend a
prior response to discovery as required by Rule 26(e)(2), is not,
unless such failure is harmless, permitted to use as evidence at
a trial, at a hearing, or on a motion any witness or information
not so disclosed." Fed.R.Civ.P. 37(c)(1)).  Accordingly, these
individuals should not be allowed to testify at the trial in this
matter.

## 2.  Documents

Plaintiff have identified the following documents that they
plan on using as exhibits during the trial: September 19, 1996
Complaint against George and Anita Brady for failure to confine
dogs; June 7, 1997 Complaint against George Brady for dogs on
Snells' property (3 pages); February 7, 1999 Complaint against
George and Anita Brady for dog chasing Snells' son and attacked
dog when on the back porch; March 21, 2001 Complaints reported
against the Brady children for threatening Woodrow Snell; July
23, 1998 Incident Report against Tyler Brady hitting Snells' van
door with golf balls (4 pages); July 22, 1999 Incident Report
against Tyler  and Brian Brady for pointing a toy gun at Laura
Snell (4 pages); Transcript of November 13, 1999 conversation
between Duffy and Snells (3 pages); Criminal record for George
Brady (8 pages); Crime Response Reports for Henry Buck, Laura
Snell, Michael Snell, Tyler Brady, Brian Brady, George Brady (6
pages); November 14, 1990 charges against Anita Marie Brady (2

-4-

pages); November 5, 1990 charges against George T. Brady;
September 5, 1997 Non-traffic Summons for Zachary Buck - damaged
Snells' Wooden fence; June 8, 1996 citation regarding June 8,
1996 incident with Joseph Snell (6 pages); March 3, 1999 Notice
of Trial Summons case - George Brady for dogs running at large
with notation of "found guilty" (2 pages); Records for 1997 calls
to police (6 pages); Hand-written notes detailing incidents of
July 20, 22, and 23, 1996 and May 10, 1997; September 10 and 14,
1996 letter from Mary Ann Snell and January 28, February 8, and
February 17, 1999 SPCA Reports (6 pages); and the Video of boys
showing hostility.   As with their witnesses, the documents
identified by Snells in their pre-trial memorandum were never
identified in their Rule 26(a) disclosures.  As such they should
be preclude on that basis.  Moreover, even assuming that the
Snells can leap this high hurdle of failure to disclose, these
documents have no relevance to the issue whether Duffy lacked
probable cause to issue the citation for Snell to appear at a
hearing and to the issue whether Wlock pushed Snell.  While the
Snells may argue that these documents show that children had a
motive to lie to Duffy about what happened on November 13, 1999,
the undisputed fact remains that the children identified Michael
Snell to Duffy as the one who pointed the gun at them three
times.  These documents do nothing to dispute what the children
told Duffy nor do the documents shed any light on whether Wlock

pushed Woodrow Snell.  Accordingly, they are not relevant and are inadmissible.

### III.  CONCLUSION

Based upon the foregoing reasons, defendants respectfully request that their motion be granted.

D. MICHAEL FISHER
ATTORNEY GENERAL

BY:   _____

     Randall J. Henzes
     Deputy Attorney General
     Identification No. 53256

     Susan J. Forney
     Chief Deputy Attorney General
     Chief, Litigation Section

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA  19107-3603
Telephone:  (215) 560-2136

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SNELL AND WOODROW SNELL        :        CIVIL ACTION

                    Plaintiffs        :

              V.                       :

ROBERT J. DUFFY ET AL                  :

                    Defendants        :        NO.  02-3660


**CERTIFICATE OF SERVICE**

I, Randall J. Henzes, Deputy Attorney General, hereby certify that a true and correct copy of Defendants' Motion in Limine was served on May 30 2003 by first class mail postage prepaid to:

J. Michael Considine, Esquire
12 East Barnard Street
Suite 100
West Chester, Pa 19380


                            D. MICHAEL FISHER
                            ATTORNEY GENERAL


                    BY:   _____
                            Randall J. Henzes
                            Deputy Attorney General
                            Identification No. 53256

                            Susan J. Forney
                            Chief Deputy Attorney General
                            Chief, Litigation Section

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2136


-7-